CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 17 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL N. HALTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00304 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRYAN F. HUTCHESON, et al., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Daniel N. Halter, a Virginia inmate proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983 against Bryan Hutcheston, Lauren J, and John Doe. Halter alleges he was denied adequate dental treatment but does not allege how any of the named defendants were involved in denying him dental treatment. By order entered July 13, 2020, the court conditionally filed Halter's complaint, advised him that the complaint failed to state a federal claim against because it failed to allege any facts against or conduct committed by a defendant, and gave Halter the opportunity to file an amended complaint. [See ECF No. 8.] Halter did not file an amended complaint. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Despite being given the

opportunity to amend his complaint, Halter has failed to allege any facts against or conduct committed by the named defendants and, thus, he has not alleged sufficient facts to show that any of the named defendants were deliberately indifferent to his medical need. Accordingly, Halter's complaint fails to state a claim against the named defendants and, thus, I will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTERED** this 17th day of August, 2020.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE